**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOSHUA LEE WALLACE                                                                                    PLAINTIFF

V.                                             4:15CV00172-JLH-JTK

RODNEY WRIGHT                                                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.   Introduction**

Plaintiff Joshua Wallace filed this pro se action pursuant to 42 U.S.C. § 1983, while incarcerated at the Saline County Detention Facility (Doc. No. 2).[1] His allegations that he was improperly denied access to a law library and denied regular exercise opportunities were dismissed by Order dated August 7, 2015 (Doc. No. 22).  His remaining claim is that he was placed in a disciplinary section of the Jail on two separate occasions without a due process hearing.  He asks for monetary relief from Defendant Wright, the Sheriff of Saline County.

This matter is before the Court on Defendant's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 25-27).  By Order dated April 5, 2016, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order, and cautioned him that failure to respond would result in "all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff," or "dismissal of this action, without

---

[1] Plaintiff notified the Court of his release from incarceration on April 20, 2015 (Doc. No. 8).

prejudice, pursuant to Local Rule 5.5(c)(2)." (Doc. No. 28, p. 2.)  As of this date, Plaintiff has not responded to the Motion or otherwise corresponded with the Court.

**II.     Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

Having reviewed Defendant's Motion and supporting documentation, and absent disputed facts from the Plaintiff, the Court finds the Motion should be granted. Plaintiff clearly sued Defendant in his official capacity, and requested only monetary relief (Doc. No. 2, pp. 2, 6). However, Plaintiff cannot recover money damages from Defendant in an action against him in his official capacity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In addition, Plaintiff does not allege that Defendant's actions were the result of an unconstitutional policy or practice of the County. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation in this case, the Court finds Defendant's Motion should be granted and the monetary claims against him in his official capacity should be dismissed.

The Court also agrees with Defendant that Plaintiff's due process allegations fail to support a constitutional claim for relief. Defendant provides proof that Plaintiff was incarcerated as a convicted person at the time of the incidents at issue in his Complaint. (Doc. No. 25-2) Placement of convicted inmates in punitive isolation or administrative segregation for short periods of time does not constitute an "atypical and significant" hardship within the meaning of due process protections. Sandin v. Conner, 515 U.S. 472, 487 (1995); Portley-El v. Brill, 288 F.3d 1063, 1065-66 (8th Cir. 2002). Therefore, Plaintiff's allegations that he was placed in disciplinary confinement without due process for thirty-four days on one occasion and ten days on another, do not support a claim for relief. And, Plaintiff also does not allege that his improper placement was the result of an unconstitutional county policy or custom.

Therefore, based on Defendant's submissions and absent additional information or a response from the Plaintiff, the Court finds as a matter of law that Plaintiff's complaint against Defendant should be dismissed.

## III.  Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant Wright's Motion for Summary Judgment (Doc. No. 25) be GRANTED, and Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 29th day of April, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE